UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAUNCEY R. SIMPSON,   No. C-12-1024 EMC (pr)

    Plaintiff,

    v.   **ORDER OF SERVICE**

R. GROUNDS, Warden; *et al.*,

    Defendants.
_____/

## I.   INTRODUCTION

Chauncey R. Simpson, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

In this action, Mr. Simpson complains of the response of several prison dentists to his dental needs. His amended complaint alleges the following: In early April 2007, he submitted an emergency request to be seen by a dentist for a toothache pain; after a tooth was extracted, Dr. David Varela provided antibiotics to address an infection. On April 16, 2007, Mr. Simpson requested care for jaw pain in the area of the tooth extraction that was "creating sharp and excruciating pain to the underside of [his] tongue." Docket # 13, p. 11. Dr. Varela said it was a piece bone rather than tooth and was too tender to deal with at the time. Dr. Varela prescribed a new course of antibiotics. Mr. Simpson then noticed swelling in his limbs and a rash. On April 19 and 21, 2007, Mr. Simpson requested care for his apparent reaction to the antibiotic, but the nurse failed to cause him to be scheduled to see a dentist or doctor. On February 23, 2008, March 7, 2008, June

1  6, 2008, and December 30, 2008, Mr. Simpson requested dental care for his persistent jaw pain.  Dr.
2  Nguyen apparently extracted two teeth after giving him numbing injections on December 30, 2008;
3  she was indifferent to his complaints of pain, saying that the teeth were infected.  *See id.* at 32.  On
4  February 22, 2010, Mr. Simpson filed an inmate appeal asking for an outside consultation to repair
5  the damage to his jaw.  Dr. Nguyen was supposed to interview him, but demanded that he sit in a
6  dental chair "so that she (Nguyen) could do additional damage after already doing damage earlier."
7  *Id.* at 12.  Mr. Simpson's appeal was denied by Dr. Sather and Dr. Marlais at the first level for
8  failure to comply with policies or regulations, even though Mr. Simpson had the right to reject
9  treatment from the dentist about whom he was complaining.

### III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A "serious" medical need exists if the failure to treat a

prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974 F.2d at 1059 (citation omitted). Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *See Farmer*, 511 U.S. at 837.

Liberally construed, the amended complaint states cognizable Eighth Amendment claims against Dr. Varela, Dr. Nguyen, and Dr. Sather for deliberate indifference to Mr. Simpson's dental needs. Dr. Varela allegedly prescribed for Mr. Simpson an antibiotic to which he reacted and did not deal with the reaction. Dr. Nguyen allegedly acted with deliberate indifference when she extracted teeth and when she insisted on examining him when she was only supposed to interview him for an inmate appeal. A cognizable claim is stated against Dr. Sather based on the allegations that Mr. Simpson repeatedly submitted requests for dental care throughout 2008 and did not receive care until December 30, 2008. The allegations that Dr. Sather was the supervising dentist in charge of "the delivery of dental care services and the management of dental care programs," and had "authority to assure that inmates receive continuing proper medical care," liberally construed, encompass an alleged obligation to ensure that inmates who requested dental care were scheduled to receive it. *See* Docket # 13, p. 7.

The amended complaint also does not state a claim upon which relief may be granted against defendants Dr. Sather and Dr. Marlais for denying Mr. Simpson's inmate appeal, or against defendants Aboytes and Dennis based on their role as the inmate appeals coordinators at the prison. The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California's regulations grant prisoners a purely

procedural right: the right to have a prison appeal. *See* Cal. Code Regs. tit 15, §§ 3084 *et seq*. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Mr. Simpson had no federal constitutional right to a properly functioning appeal system. Therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a particular way did not amount to a violation of his right to due process.

The amended complaint does not state a claim against Warden R. Grounds or Chief Medical Officer Dr. Bright. The mere fact that these defendants were in charge of the prison and the medical care at the prison does not make them liable because there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). The allegations of the amended complaint show no such involvement or causal connection for these defendants.

### IV. CONCLUSION

1. The amended complaint states a cognizable § 1983 claim against Dr. David Varela, Dr. Chi Nguyen, and Dr. K. Sather for violations of Mr. Simpson's Eighth Amendment rights. All other Defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants who worked in the dental department at CTF - Soledad: Dr. David Varela, Dr. Chi Nguyen, and Dr. sK. Sather.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

4

a. No later than **July 19, 2013**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendants file a motion to dismiss for non-exhaustion of administrative remedies, Defendants must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **August 16, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 30, 2013**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

|||
|---:|---|
| 1 | declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). |
| 2 | |
| 3 | |
| 4 | |
| 5 | The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so.  The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.  *See generally Stratton v. Buck*, 697 F.3d at 1008. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |

14  5.  All communications by Plaintiff with the Court must be served on a Defendant's

15 counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard

16 any document which a party files but fails to send a copy of to his opponent.  Until a Defendant's

17 counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,

18 but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than

19 directly to that Defendant.

20  6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

21 further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

22 before the parties may conduct discovery.

23  7.  Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

24 Court informed of any change of address and must comply with the Court's orders in a timely

25 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

26 to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

27 pending case every time he is moved to a new facility.

28

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: May 21, 2013

_____
EDWARD M. CHEN
United States District Judge