1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11   CHAUNCEY REENE SIMPSON,                Case No.  12-cv-01024-WHO (PR)
                         Plaintiff,

12
              v.                           **ORDER GRANTING DEFENDANTS'
13                                          MOTION FOR SUMMARY
     K. SATHER, et al.,                     JUDGMENT**
14
                         Defendants.        Dkt. No. 43
15

16

17                          **INTRODUCTION**

18        Chauncey Simpson, a state prisoner proceeding pro se, alleges in this federal civil

19   rights action that his jailors at Soledad State Prison rendered constitutionally inadequate

20   dental care.  Defendants assert that this 42 U.S.C. section 1983 suit is barred by Simpson's

21   failure to exhaust his claims through the prison's administrative grievance process.

22   Simpson does not dispute the material facts showing that he did not complete the

23   exhaustion process as required by prison regulations.  Instead, he asserts that his failure to

24   exhaust should be excused.

25        A prerequisite to exhaustion of the administrative grievance procedure of the

26   California Department of Corrections and Rehabilitation (CDCR) is that the grievant sit for

27   a face-to-face interview on his claim.  15 C.C.R. § 3084.7(e).  Simpson refused to do so on

28   both claims.  Accordingly, he failed to exhaust, and his failure to do so cannot be excused.

United States District Court
Northern District of California

1    Defendants' motion for summary judgment is GRANTED.

2                                        **DISCUSSION**

3    **I.      Background**

4            The following factual allegations are undisputed unless specifically noted

5    otherwise.

6            Simpson alleges that in 2007 and 2008 employees of Soledad State Prison

7    (defendants K. Sather, David Varela, and Nguyen-Dinh) failed to provide him with

8    constitutionally adequate dental care.  He filed two inmates grievances containing such

9    allegations, one in 2010 (HCARTS Log # CTF HC 10002597/CTF HC 11034792), and the

10   other in 2011 (HCARTS Log # CTF HC 11034998).  (Defs.' Mot. for Summ. J. ("MSJ") at

11   3, 4.)

12          In the first, he alleged that defendant Nguyen-Dinh caused him unnecessary pain

13   when he extracted two teeth.  He also alleged that dental staff failed to treat his swollen

14   gums.  As part of the grievance review, the Health Care Appeals Office scheduled an

15   interview between Dr. Marlais and Simpson.  (MSJ, Robinson Decl. ¶ 7.)  Simpson refused

16   to participate in the interview, and his appeal was consequently cancelled.  (*Id.* ¶ 8.)  He

17   was informed of the cancellation, the reasons for it, and given instructions that he had to

18   file a new grievance to challenge the cancellation before he could appeal the merits of his

19   health care claims.  He was later sent a letter which incorrectly informed him that he could

20   appeal the cancellation by completing a certain section of the form and submitting it to the

21   second level of review.  (*Id.*)  The second level reviewer rejected the appeal because the

22   grievance had been cancelled at the first level.  (*Id.* ¶ 9.)  After Simpson was informed that

23   his appeal had been rejected, he was correctly informed that he had to file a new and

24   separate grievance in order to appeal the cancellation.  (*Id.*)  Rather than doing so, he sent

25   his cancelled and rejected appeal to the Office of Third Level Appeals, which rejected it

26   because it had been cancelled at the first level.  (*Id.* ¶ 10.)

27          In the second grievance, filed a year later, Simpson alleged that since 2007, he had

28   received inadequate dental care.  (*Id.* ¶ 13.)  He again refused to agree to an interview (this

United States District Court
Northern District of California

                                            2

1    one with Nguyen-Dinh, who was the subject of his prior grievance), and his appeal was

2    again cancelled. (*Id.*) He did not pursue the grievance or file another grievance to appeal

3    the cancellation. (*Id.*)

4    **II.    Motion for Summary Judgment on Grounds of Exhaustion**

5         Defendants assert that Simpson failed to exhaust his administrative remedies prior

6    to filing this federal civil rights action. Defendants have properly raised this issue through

7    a motion for summary judgment, *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc),

8    and have given Simpson the required warnings about opposing such a motion (Docket

9    No. 45).

10        **A.    Summary Judgment Standard**

11        Summary judgment is proper where the pleadings, discovery and affidavits

12   demonstrate that there is "no genuine dispute as to any material fact and the movant is

13   entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those

14   which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

15   248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a

16   reasonable jury to return a verdict for the nonmoving party. *Id.*

17        The party moving for summary judgment bears the initial burden of identifying

18   those portions of the pleadings, discovery and affidavits which demonstrate the absence of

19   a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

20   Where the moving party will have the burden of proof on an issue at trial, it must

21   affirmatively demonstrate that no reasonable trier of fact could find other than for the

22   moving party. On an issue for which the opposing party by contrast will have the burden

23   of proof at trial the moving party need only point out "that there is an absence of evidence

24   to support the nonmoving party's case." *Id.* at 325.

25        The Court is only concerned with disputes over material facts and "factual disputes

26   that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is

27   not the task of the Court to scour the record in search of a genuine issue of triable fact.

28   *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden

1   of identifying, with reasonable particularity, the evidence that precludes summary

2   judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is

3   entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

4           **B.       Exhaustion Standard**

5           Prisoners must exhaust properly their administrative remedies before filing suit in

6   federal court. "No action shall be brought with respect to prison conditions under [42

7   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

8   other correctional facility until such administrative remedies as are available are

9   exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the

10  discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v.*

11  *Churner*, 532 U.S. 731, 739 (2001)).

12          An inmate's obligation to exhaust persists as long as some remedy is available;

13  when that is no longer the case, the prisoner need not further pursue the grievance. *Brown*

14  *v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prison's requirements define the

15  boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The

16  exhaustion requirement cannot be satisfied "by filing an untimely or otherwise

17  procedurally defective administrative grievance or appeal." *Ngo*, 548 U.S. at 84.

18          The State of California provides its prisoners the right to appeal administratively

19  "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the

20  inmate . . . can demonstrate as having a material adverse effect upon his or her health,

21  safety, or welfare." 15 C.C.R. § 3084.1(a). In order to exhaust available administrative

22  remedies within this system, a prisoner must proceed through several levels of appeal:

23  (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level

24  appeal, to an institution appeals coordinator; (3) second formal level appeal, to the

25  institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See*

26  15 C.C.R. § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009). A final

27  decision from the Director's level of review satisfies the exhaustion requirement under

28  § 1997e(a). *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

United States District Court
Northern District of California

1          At least one face-to-face interview with the inmate is required at the first level of

2    review.  15 C.C.R. § 3084.7(e).  If the inmate refuses to be interviewed or to cooperate

3    with the interviewer, the appeal may be cancelled.  *Id.* § 3084.6(c)(8).  Although a

4    cancelled appeal may not be submitted for further review, the inmate may separately

5    appeal the cancellation.  *Id.* § 3084.6(e).  A cancelled appeal does not exhaust

6    administrative remedies.  *Id.* § 3084.1(b).

7          **C.     Simpson's Use of the Exhaustion Process**

8          Simpson refused to sit for the face-to-face interview on either claim, which made it

9    impossible for him to complete the exhaustion process.  He contends that the exhaustion

10   requirement should be excused because (1) appeals are never granted, (2) he and other

11   inmates should not be required to challenge a cancellation, rather than pursuing a

12   grievance on the merits, (3) the cancellations serve to exhaust his remedies, and (4) he

13   objected to being interviewed by Nguyen-Dinh, who was the subject of one of his

14   grievances.  (Pl.'s Opp. to MSJ at 3, 4, 5.)  None of these reasons has merit.

15         Simpson's first argument, that the process is futile, does not excuse a requirement

16   firmly and clearly established by statute and reinforced by case law.  Exhaustion is

17   mandatory, regardless of Simpson's belief about its efficacy.  *See* 42 U.S.C. § 1997e(a);

18   *Ngo*, 548 U.S. at 84.

19         Simpson's opinion that he should not be required to pursue a cancellation, his

20   second argument, cannot overcome the state regulations on point.  Exhaustion is

21   mandatory, and an inmate is obliged to pursue the process as long as some remedy is

22   available.  *Brown*, 422 F.3d at 934-35.

23         His third ground is based on a misunderstanding of the regulations.  A cancelled

24   appeal does not exhaust administrative remedies, *see* 15 C.C.R. § 3084.1(b), and a

25   cancelled appeal may not be submitted for further review, *id.* § 3084.6(e).  Simpson's

26   resubmission of the first cancelled appeal (HCARTS Log # CTF HC 10002597/CTF HC

27   11034792) did not meet the prison's requirements for exhaustion.  On his second grievance

28   (HCARTS Log # CTF HC 11034998), Simpson filed no appeal of any kind.  He did not

United States District Court
Northern District of California

1    exhaust his administrative remedies.

2           Finally, Simpson contends that no further administrative remedies were available to

3    him once prison authorities told him that his cancelled grievance could not be appealed.

4    (Opp. at 7.)  He cites *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), but that case does

5    not stand for the proposition for which Simpson wants to use it.

6           In *Harvey*, prison authorities partially granted an inmate's appeal.  The inmate did

7    not pursue his grievance because he was satisfied with the result.  When the promised

8    relief was not forthcoming, the inmate filed another grievance.  It was rejected as untimely

9    and with the following language:  "The screening action may not be appealed."  The Ninth

10   Circuit held that an inmate need not pursue an appeal that has been granted to his

11   satisfaction.  *Id.* at 685.

12          Simpson's case is distinguishable.  Unlike the plaintiff in *Harvey*, Simpson was not

13   granted partial (or any relief) and therefore he was not excused from completing the

14   exhaustion process.  Also unlike *Harvey*, though Simpson was told that the cancelled

15   grievance could not be appealed, he was told that he could appeal the cancellation itself.

16          Moreover, his fourth reason does not excuse the exhaustion requirement.  Although

17   Nguyen-Dinh was the subject of a prior grievance, he was not the interviewer for the

18   investigation into that grievance.  Simpson's refusal to be interviewed by Nguyen-Dinh

19   regarding the second grievance does not excuse the requirement.  Meeting with an

20   interviewer is required by prison procedure.  15 C.C.R. § 3084.7(e).  Simpson could have

21   easily complied with this requirement by meeting with Nguyen-Dinh and declaring his

22   objection to such an interviewer.  His failure to comply with this procedural requirement

23   dooms any contention that he exhausted his claims.  *Id.* § 3084.6(c)(8).

24          Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, courts are to

25   consider whether an administrative remedy is available in the prison involved, not whether

26   the remedy is effective.  *Conception v. Morton*, 306 F.3d 1347, 1353-54 (3d Cir. 2002)

27   (remedy need not be formally adopted through regulations in order for it to be considered

28   an "administrative remedy" under the PLRA); *Nyhuis v. Reno*, 204 F.3d 65, 72 (3d Cir.

United States District Court
Northern District of California

6

1    2000) (holding that there is no futility exception to the PLRA's exhaustion requirement);

2    *Alexander v. Hawk,* 159 F.3d 1321, 1326 (11th Cir. 1998) (prison required to exhaust

3    claims even if the relief did not appear to be "plain, speedy, and effective"). Here, there is

4    an administrative remedy available, and the process to obtain it starts with a face-to-face

5    interview. Simpson's refusal to consent to the interview means that he could never

6    exhaust his administrative remedies. He had every opportunity to sit for the interview. He

7    was told in writing at least three times on his first grievance that he was required to have

8    the interview. (MSJ, Robinson Decl. ¶¶ 7-10, 13.) Because he did not, his claims cannot

9    proceed.

10       Defendants have presented undisputed evidence that Simpson failed to exhaust his

11   administrative remedies before filing suit. Simpson has not shown that the exhaustion

12   requirement should be excused. Accordingly, defendants' motion for summary judgment

13   is GRANTED.

**CONCLUSION**

15       For the reasons set forth above, defendants' motion for summary judgment (Docket

16   No. 43) is GRANTED. The claims against David Varela are DISMISSED because he was

17   never served with the complaint. (Docket No. 24.)

18       The Clerk shall terminate Docket No. 43, enter judgment in favor of defendants

19   K. Sather and Nguyen-Dinh as to all claims, and close the file.

20       **IT IS SO ORDERED.**

21   **Dated:** August 11, 2015

22                                                   WILLIAM H. ORRICK
                                                     United States District Judge

United States District Court
Northern District of California

7